|     |                                                      |
| --- | ---------------------------------------------------- |
| 1   |                                                      |
| 2   |                                                      |
| 3   |                                                      |
| 4   |                                                      |
| 5   |                                                      |
| 6   |                                                      |
| 7   |                                                      |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No. 11cr0928-JLS |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | PRELIMINARY ORDER OF |
| v. | ) | CRIMINAL FORFEITURE |
| | ) | |
| KEN LaFOND (4), | ) | |
| | ) | |
| Defendant. | ) | |

WHEREAS, in the Superseding Information in the above-captioned case, the United States sought forfeiture of all right, title and interest in specific properties of the above-named Defendant, KEN LaFOND (4) ("Defendant"), pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) as properties involved in the commission of the offense to which the Defendant pled guilty, as charged in the Superseding Information; and

WHEREAS, on or about July 9, 2012, Defendant, pled guilty to the Superseding Information, which plea included consent to the criminal forfeiture allegation pursuant to Title 18 and Title 28 as set forth in the Superseding Information; and

WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture addendum, the United States has established the requisite nexus between the forfeited properties and the offense; and

//

//

WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of said properties, pursuant to 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c) and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, pursuant to Rule 32.2(b)(3), the United States having requested the authority to take custody of the following properties which were found forfeitable by the Court, namely:

1. Lorcin Engineering, L380, .380 caliber firearm bearing serial number 306330, and
2. Davis Industries, P-380, .380 caliber firearm bearing serial number AP024593; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Based upon the guilty plea of the Defendant, the United States is hereby authorized to take custody and control of the following assets, and all right, title and interest of Defendant KEN LaFOND (4) in these assets are hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

1. Lorcin Engineering, L380, .380 caliber firearm bearing serial number 306330, and
2. Davis Industries, P-380, .380 caliber firearm bearing serial number AP024593.

2. The aforementioned forfeited assets are to be held by Alcohol, Tobacco, Firearms and Explosives in its secure custody and control.

3. Pursuant to Rule 32.2(b)and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties.

4. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(3), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the

properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that are the subject of the Preliminary Order of Criminal Forfeiture.

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

DATED: August 10, 2012

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge